IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **OCEANWEALTH OWNERS LIMITED** § | |
| § | |
| **Plaintiff,** § | |
| § | C.A. No. G-10-037 |
| § | Filed Under Rule 9(h) |
| v. § | Fed. R. Civ. P. |
| § | |
| § | |
| **MARCO POLO SEATRADE B.V.** § | |
| § | (ADMIRALTY) |
| **Defendant.** § | |

## FIRST AMENDED VERIFIED ORIGINAL COMPLAINT

Oceanwealth Owners Limited ("Oceanwealth"), by its undersigned attorneys, for its First Amended Complaint against Marco Polo Seatrade B.V. ("MPS"), alleges upon information and belief as follows:

**I.**

This is a case of admiralty and maritime jurisdiction and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**II.**

This Court has jurisdiction to authorize the attachment of the motor tanker ("M/T") MONTIRON under 28 U.S.C. § 1333, Title IX of the U.S. Code, and Admiralty Supplemental Rule B, Federal Rules of Civil Procedure, *inter alia* to provide security for Oceanwealth's claims.

**III.**

Plaintiff Oceanwealth was and now is a business entity duly organized and existing under the laws of the Republic of the Marshall Islands.

**IV.**

Defendant MPS was and now is a business entity duly organized and existing under the laws of The Netherlands or other foreign jurisdiction and is at all material times herein, the owner of the M/T MONTIRON.

Defendant MPS is an entity that is not present within the district as that term is understood under Admiralty Supplemental Rule B, Federal Rules of Civil Procedure. *See* Affidavit of Douglas J. Shoemaker attached as Exhibit A to Original Complaint (Docket No. 1). MPS is a non-resident as that term is used in subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code, does not maintain a business office or address in Texas, and has not designated or maintained a resident agent for service of process in Texas. Substituted service of process can be had over MPS by serving the Secretary of State of Texas with duplicate copies of process, or by serving process upon the Master of the M/T MONTIRON. Process or notice can also be served via the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters by serving the Central Authority of The Netherlands, for purposes of further service upon Marco Polo Seatrade B.V. Amsterdam, c/o Seaarland Shipping Management B.V., Delflandlaan 1 – 12th Floor, 1062 EA Amsterdam.

**V.**

Plaintiff Oceanwealth was and now is the owner of and operated or caused to be operated an ocean-going cargo vessel, the motor vessel ("M/V") PIERRE (ex. RIALTO) in international maritime commerce between various ports throughout the world.

**VI.**

On or about March 21, 2007, Oceanwealth (designated Owner per Addendum 1) and Magellano Marine C.V. ("Magellano") (as charterer) entered into a time charterparty for the M/V PIERRE on an amended NYPE 1993 form of charterparty ("the Charterparty"). A copy of the Charterparty along with Addendum 1 is attached as Exhibit B to Original Complaint (Docket No. 1).

**VII.**

The term or duration of the Charterparty was for a period of "minimum 36 months / 40 months in Charterers' option." Magellano, as charterer, pursuant to clauses 10 and 11 of the

Charterparty, was obligated to pay for the use and hire of the vessel at the rate of $23,000.00 per day, 15 days in advance.

**VIII.**

Magellano, as charterer, failed to pay the sum of $345,000.00 charter hire for the vessel due under clauses 10 and 11 of the Charterparty for the 15 day period January 7 – 22, 2010. Owner sent all appropriate notices pursuant to the Charterparty and eventually withdrew the vessel from service on January 16, 2010, in accordance with the Charterparty provisions.

**IX.**

Magellano's performance under the Charterparty was "irrevocably, absolutely and unconditionally" guaranteed by Defendant MPS. A copy of the Charterparty Performance Guarantee is attached as Exhibit C to Original Complaint (Docket No. 1).

**X.**

More than 14 days have passed since the due date of the required hire payment. The hire amount under the Charterparty remains due and owing, no part of which has been paid. Accordingly, MPS pursuant to the terms and conditions of Addendum No. 1 and the Charterparty Performance Guarantee is fully liable to pay any outstanding amount of charter hire to Oceanwealth. According to the terms and conditions of Addendum No. 1 and the Charterparty Performance Guarantee, MPS is obligated to make payment conditioned solely upon demand by Oceanwealth and without Oceanwealth having to take any further action against Magellano for the amounts due and owing. Such demand was made by Oceanwealth upon MPS in a facsimile from Oceanwealth's lawyers dated January 25, 2010, sent by fax and email to MPS upon that date. A copy of the Demand is attached as Exhibit D to Original Complaint (Docket No. 1). Despite due and proper demand by Oceanwealth to MPS pursuant to the Addendum and Charterparty Performance Guarantee, no payment has been forthcoming and the full amount of hire remains due and owing.

**XI.**

Due to the nature of the voyage at issue, the vessel continued on that voyage, bunkers were consumed and the holds required cleaning, all at additional expense and damage to Oceanwealth. The Final Hire Statement is attached as Exhibit E to Original Complaint (Docket No. 1) showing the total balance due of $550,595.31. Payment of such amount was demanded from Charterers in a message sent on behalf of Owners on January 27, 2010. More than 14 days have passed since the due date of the required hire payment. The increased amount due under or in connection with the Charterparty remains due and owing, no part of which has been paid.

**XII.**

Defendant MPS' failure and refusal to pay the amount due constitutes a breach of maritime contract.

**XIII.**

As a result of MPS' breach of contract, Oceanwealth has been damaged in the total amount of $550,595.31, plus interest, fees and expenses.

**XIV.**

In order to secure payment from MPS, Oceanwealth is entitled under Rule B to attach the M/T MONTIRON, which vessel is owned by MPS.

WHEREFORE Plaintiff Oceanwealth prays that the Court:

(1)   Issue a Warrant of Attachment for the M/T MONTIRON commanding the United States Marshal to attach the vessel and take it into custody;

(2)   Order the vessel condemned and sold to pay the costs of *custodia legis* and damages owed to Oceanwealth arising from MPS' breach of a maritime contract;

(3)   Grant Oceanwealth's claims against MPS in their entirety and award damages to Oceanwealth in the amount of $550,595.31, plus interest, costs and fees;

(4)   In the alternative, should the Court so determine, after ordering the vessel's attachment and ensuring security for Oceanwealth's claims, stay this matter as appropriate to resolve the underlying dispute in this case; and

(5)   Render such other, further relief as may be just in the premises.

Respectfully submitted,

*/s/ Douglas Shoemaker*

**Michael K. Bell**
TBA No. 02081200
Fed. ID 5085
5847 San Felipe, Suite 4600
Houston, Texas  77057
713-871-8822
FAX 713-871-8844
**ATTORNEY-IN-CHARGE FOR PLAINTIFF
OCEANWEALTH OWNERS LIMITED**

Of Counsel:
**Douglas J. Shoemaker**
TBA No. 00788406
Fed. ID 16854
BELL, RYNIKER & LETOURNEAU, P.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| OCEANWEALTH OWNERS LIMITED | |
| Plaintiff, | |
| | C.A. No. G-10- 037 |
| v. | Filed Under Rule 9(h) |
| | Fed. R. Civ. P. |
| MARCO POLO SEATRADE B.V. | |
| | (ADMIRALTY) |
| Defendant. | |

## VERIFICATION

I, **Costas Pavlopoulos** of Cardiff Marine Inc of Omega Building, 80 Kifisias Avenue, Amaroussion, Athens, Greece, do hereby declare under penalty of perjury in accordance with the laws of the United States pursuant to 28 U.S.C. § 1746 that the following information is true and correct:

1. I am the manager of Freight Collection Department of Cardiff Marine inc, who are the managers of the m/v PIERRE, a bulk carrier vessel owned by Oceanwealth Owners Limited. I am authorized to make this statement by and on behalf of the company.

2. I am fully knowledgeable of the facts and circumstances surrounding the matters alleged in the foregoing complaint.

3. I have read the foregoing amended complaint, and the allegations contained therein are true and accurate to the best of my knowledge, information and belief.

4. The exhibits attached to the original complaint referenced in the amended complaint are true and correct copies of the documents described in the complaint and amended complaint.

5. The sources of my information and the bases for my belief are personal knowledge and documents and information available to me as the manager of Freight Collection Department for Cardiff Marine Inc.

Date executed: 11/2/10

Costas Pavlopoulos